IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PRESTIGE LAND IRAN CO. d/b/a | § | |
| PRESTIGE LAND CO. | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:15-CV-3734-L |
| | § | |
| HILTI INC., | § | |
|     Defendant. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the District Judge's *Order of Reference*, Doc. 21, the undersigned now considers *Defendant's Motion to Dismiss for Lack of Jurisdiction*, Doc. 6. Defendant argues that Plaintiff lacks standing because it was not the party allegedly injured.

Specifically, Defendant alleges that Prestige Land Co. is not the manager and owner of Isfahan City Center Mall (the situs of the incident underlying Plaintiff's claims), as asserted in the Complaint, and that public records list Prestige Land Iran Co. as the actual manager of the mall. Subsequent to the filing of *Defendant's Motion to Dismiss for Lack of Jurisdiction*, however, Plaintiff filed its *First Amended Petition* in which it amended its name to Prestige Land Iran Co. d/b/a Prestige Land Co. Doc. 7 at 1. Consequently, *Defendant's Motion to Dismiss for Lack of Jurisdiction*, Doc. 6, is now moot. *See Elias v. United States*, 3:09-CV-560-G, 2010 WL 2228527, at *1 (N.D. Tex. June 2, 2010) (Fish, J.) ("An issue is moot 'when it no longer presents a live controversy with respect to which the court can give meaningful relief'") (quoting *Orellana v. Keisler*, 253 Fed. Appx. 391, 392 (5th Cir.2007) (per curiam)).

Accordingly, it is recommended that *Defendant's Motion to Dismiss for Lack of Jurisdiction*, Doc. 6, be **DENIED AS MOOT**.

**SIGNED** on May 6, 2016.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE