# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **PRESTIGE LAND IRAN CO.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:15-CV-3734-L** |
| | § | |
| **HILTI, INC.,** | § | |
| | § | |
| Defendant. | § | |

# ORDER

Before the court is Defendant's Motion for Summary Judgment (Doc. 39), filed September 9, 2016. On September 7, 2017, Magistrate Judge Renée Harris Toliver entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report"), recommending that the court grant Defendant's motion and dismiss Plaintiff's claims with prejudice.

This is a products liability action. Plaintiff is an Iranian company that manages and owns the Isfahan City Center (the "ICC") in Iran. Defendant is the exclusive distributor of Hilti products in the United States. In January 2013, Plaintiff purchased a Pipe Support System (the "PSS"), which was composed of numerous components and designed to suspend individual pipes from the ceiling of the ICC's parking garage. In May 2015, the PSS failed, causing the entire system of pipes to collapse.

The magistrate judge concluded that Plaintiff failed to raise a genuine dispute of material fact, that "Defendant played any role in the design, manufacture, marketing, or sale of the PSS or

**Order – Page 1**

that it bears any responsibility for Plaintiff's alleged injuries."[*] Report 8. Accordingly, the magistrate judge recommended that the court grant Defendant's motion and dismiss all claims with prejudice.

On October 10, 2017, Plaintiff filed objections to the Report and contends that it "was subjected to an erroneous summary judgment standard." Pl.'s Objs. 3. Plaintiff's objection, however, is better understood as an objection to the application of the summary judgment standard. The summary judgment standard the magistrate judge applied in granting Defendant's motion was correct. As Plaintiff failed to set forth any evidence that Defendant designed, manufactured, marketed, or sold any products involved in the ICC project, the magistrate judge correctly concluded that Defendant failed to demonstrate a genuine dispute of material fact.

Plaintiff also contends that the magistrate judge's definition of the product at issue was not defined with specificity to establish a connection to Defendant. Even if the court assumes that Plaintiff's contention is correct, Plaintiff, nevertheless, failed to set forth evidence to establish that Defendant designed, manufactured, marketed, or sold *any* products involved in the ICC project. Accordingly, Plaintiff's second objection does not cure its failure to demonstrate a genuine dispute of material fact with respect to Defendant's responsibility for the injuries alleged. In support of its second objection, Plaintiff submitted new evidence ("Plaintiff's Exhibit A"), screenshots of Defendant's webpage to establish Defendant's responsibility for the injuries alleged. Plaintiff, however, did not seek leave to submit new evidence, or submit reasons for not originally submitting the evidence. Further, even considering Plaintiff's Exhibit A, the court determines that

---

[*]The court notes that the last sentence on page 4 of the Report includes the word "Defendant" in the text; however, a plain reading of the text shows that the word should have been "Plaintiff" instead of "Defendant."

**Order – Page 2**

Plaintiff fails to set forth evidence that Defendant sold the allegedly defective components involved in the ICC project, and the new evidence is insufficient to raise a genuine dispute of material fact.

Finally, Plaintiff contends that the deposition testimony of Defendant's corporate representative was treated as dispositive, despite "controverting" evidence. Plaintiff, however, failed to set forth sufficient evidence to refute the deposition testimony of Defendant's corporate representative to establish a genuine dispute of material fact. In support of its third objection, Plaintiff submitted new evidence ("Plaintiff's Exhibit B"), the PSS purchase invoices, to controvert the testimony of Defendant's corporate representative. As stated by the court, Plaintiff did not seek leave to submit new evidence, or submit reasons for not originally submitting the evidence. Moreover, even considering Plaintiff's Exhibit B, the court determines that Plaintiff fails to set forth evidence that Defendant sold the allegedly defective components involved in the ICC project, and the new evidence is insufficient to raise a genuine dispute of material fact.

Having reviewed the motion, evidence, pleadings, record in this case, Report, and having conducted a de novo review of the portion of the Report to which objections were made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **overrules** Plaintiff's objections, **grants** Defendant's Motion for Summary Judgment (Doc. 39), and **dismisses with prejudice this action**.

It is so ordered this 21st day of November, 2017.

Sam A. Lindsay
United States District Judge