# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **PRESTIGE LAND IRAN CO.,** § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Civil Action No. **3:15-CV-3734-L** | |
| § | | |
| **HILTI, INC.,** § | | |
| § | | |
| Defendant. § | | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Objections to and Motion to Reconsider the Order on Defendant's Rule 11 Motion for Sanctions (Doc. 91), filed October 10, 2017. After careful consideration of the motion, response, record, and applicable law, the court **overrules and denies** Plaintiff's Objections to and Motion to Reconsider the Order on Defendant's Rule 11 Motion for Sanctions (Doc. 91); **grants** Defendant's Rule 11 Motion for Sanctions; and will **award** Defendant attorney's fees and costs incurred in connection with litigating this action; however, the amount remains to be determined, for the reasons herein stated.

## I. Factual and Procedural Background

This is a products liability action. Plaintiff Prestige Land Iran Co. ("Plaintiff" or "Prestige") is an Iranian company that manages and owns the Isfahan City Center (the "ICC") in Iran. Defendant Hilti, Inc. ("Defendant" or "Hilti") is the exclusive distributor of Hilti products in the United States. In January 2013, Plaintiff purchased a Pipe Support System (the "PSS"), which was composed of numerous components and designed to suspend individual pipes from the ceiling of the ICC's parking garage. In May 2015, the PSS failed, causing the entire system of

**Memorandum Opinion and Order – Page 1**

pipes to collapse. On November 21, 2017, at the recommendation of the magistrate judge, the undersigned granted Defendant's Motion for Summary Judgment (Doc. 39) and dismissed this action with prejudice because Plaintiff failed to raise a genuine dispute of material fact (Doc. 97).

Earlier, on January 17, 2017, Defendant filed a motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure (Doc. 62). Defendant asserts that sanctions, not limited to reasonable attorney's fees and expenses, are appropriate because Plaintiff's suit was brought with no factual basis. On January 25, 2017, the motion was referred to United States Magistrate Judge Renée Harris Toliver for hearing and determination (Doc. 66). On September 11, 2017, the magistrate judge granted Defendant's Rule 11 Motion for Sanctions (Doc. 84) ("Order"). On October 10, 2017, Plaintiff filed objections to the magistrate judge's order granting Defendant's Rule 11 Motion for Sanctions (Doc. 91).

The magistrate judge concluded that sanctions should be granted because Plaintiff's counsel, Mr. Matthew Zarghouni ("Mr. Zarghouni"), violated Rule 11 by failing to conduct a reasonable prefiling investigation and advocating baseless claims. Judge Toliver's findings were based on the factual circumstances of Mr. Zarghouni's prefiling investigation and evidence available to him and Plaintiff prior to filing the lawsuit. Several uncontested documents in Plaintiff's possession prior to the initiation of the lawsuit unmistakably support Defendant's lack of involvement in the PSS project in dispute. *See* Order 8-9. Judge Toliver concluded that Mr. Zarghouni "does not connect the evidence he collected prior to filing suit with his conclusion that Defendant designed, manufactured, marketed, and sold the PSS." Order 10. Judge Toliver further concluded that the factors to determine whether a reasonable inquiry had been made regarding the factual basis weighed in favor of imposing sanctions. Order 12. In determining whether a reasonable inquiry was made into the facts, a court is to consider:

**Memorandum Opinion and Order – Page 2**

the time available to the signer for investigation; the extent of the attorney's reliance upon his client for the factual support for the document; the feasibility of a prefiling investigation; whether the signing attorney accepted the case from another member of the bar or forwarding attorney; the complexity of the factual and legal issues; and the extent to which development of the factual circumstances underlying the claim requires discovery.

*Thomas v. Capital Sec. Services, Inc.*, 836 F.2d 866, 875 (5th Cir. 1988).

## II. Legal Standard

A magistrate judge may rule directly on a nondispositive pretrial motion. 28 U.S.C. § 636(b)(1)(A). A district court may modify or set aside these rulings only if they are "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995). The "clearly erroneous" standard applies to the magistrate judge's factual determinations. *Smith v. Smith*, 154 F.R.D. 661, 665 (N.D. Tex. 1994). A magistrate judge's determination is "clearly erroneous" when, "although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Barrow v. Greenville Indep. Sch. Dist.*, 202 F.R.D. 480, 481 (N.D. Tex. 2001) (internal citation omitted). The "contrary to law" standard applies to the magistrate judge's legal conclusions. *Smith*, 154 F.R.D. at 665. The district court reviews a magistrate judge's legal conclusions *de novo*. *Id.*

## III. Analysis

### A. Plaintiff's Objections to the Sanctions Order

Plaintiff objects to the magistrate judge's Rule 11 Order for the following reasons:

[1.] [T]he Rule 11 Order does not account for Defendant's failure to provide a prompt notice of Plaintiff's alleged violation of Rule 11 as required under Fifth Circuit precedent regarding the timeliness requirement;

**Memorandum Opinion and Order – Page 3**

[2.] [T]he Rule 11 Order ignored Plaintiff's evidence showing compliance with Rule 11 and treated the deposition testimony of Defendant's corporate representative, Mr. Martin Schofield, as dispositive; and

[3]. Plaintiff was subjected to an erroneous standard requiring privity of contract despite this being a strict liability case.

Pl.'s Objs. 4. Plaintiff contends that these errors resulted in Defendant's Rule 11 Motion being improperly granted. For the reasons that follow, the court determines that the magistrate judge's ruling is not "clearly erroneous or contrary to law."[1] Accordingly, the court will **overrule** Plaintiff's objections and **grant** Defendant's Rule 11 Motion for Sanctions as herein set forth. The court now addresses each objection in turn.[2]

The court **overrules** Plaintiff's first objection. The magistrate judge correctly concluded that Defendant's Motion for Rule 11 Sanctions was timely filed because "Rule 11 does not specify when a motion for sanctions must be brought." *Margetis v. Furgeson*, 666 F. App'x 328, 332 n.5 (5th Cir. 2016). Although judgment has been entered, it is fully consistent with Rule 11 for the court to grant sanctions after a judgment has been entered. *See Qureshi v. United States*, 600 F.3d 523, 525 (5th Cir. 2010) (holding that a court may impose Rule 11 sanctions after judgment has been entered); *Ratliff v. Stewart*, 508 F.3d 225, 229-30 (5th Cir. 2007) ("[T]he collateral jurisdiction doctrine permits courts to sanction lawyers, even after a final judgment on the

---

[1] Further, although the court applies the "clearly erroneous or contrary to law" standard, the court has also conducted a *de novo* review of all of Plaintiff's objections and determines that the magistrate judge's findings and conclusion of law are correct.

[2] In support of its objections, Plaintiff submitted new evidence not presented to the magistrate judge before ruling on Defendant's Rule 11 Motion. Plaintiff did not seek leave to submit new evidence or submit reasons for not originally submitting the evidence. Even considering Plaintiff's new evidence, the court determines that Plaintiff fails to set forth evidence that Defendant sold the allegedly defective components involved in the ICC project.

**Memorandum Opinion and Order – Page 4**

underlying merits."). Moreover, as Defendant promptly served its motion for sanctions upon the close of the discovery period, the court determines that it was timely filed.

The court **overrules** Plaintiff's second objection. The magistrate judge's conclusion that Plaintiff failed to conduct a reasonable investigation is properly supported by documents in Plaintiff's possession prior to the initiation of the lawsuit. As noted above, these documents unmistakably support Defendant's lack of involvement in the PSS project in dispute and indicate that a third party was the actual seller of the allegedly defective components.

The court **overrules** Plaintiff's third objection. Plaintiff's third objection is essentially a recital of the arguments it previously made to object to the magistrate judge's ruling on Defendant's Motion for Summary Judgment. The court previously determined that the standard the magistrate judge applied in granting Defendant's Motion for Summary Judgment was correct. The court further determines that the standard the magistrate judge applied in granting Defendant's Motion for Rule 11 Sanctions is correct and that Plaintiff failed to set forth evidence that Defendant sold the allegedly defective components involved in the PSS project. Accordingly, the magistrate judge correctly concluded that sanctions should be granted.

**B. Plaintiff's Objections to Defendant's Submission of Attorney's Fees and Costs**

The magistrate judge directed Defendant to file documentation of its attorney's fees and costs, complete with billing records and supporting affidavits, in the event the parties were unable to reach an agreement regarding the appropriate amount of fees and costs. On October 27, 2017, after the parties were unable to reach an agreement regarding fees and costs, Defendant submitted Hilti, Inc.'s Submission of Fees and Costs (Doc. 94). Defendant requests $113,400 in attorney's fees and costs. Additionally, Defendant requests $566.98 for travel expenses and $1,980 for

translator services. On November 10, 2017, Plaintiff filed its Response and Objections to Defendant Hilti, Inc.'s Submission of Fees and Costs (Doc. 96).

Plaintiff contends that Defendant's Submission of Fees and Costs is unnecessary, unreasonable, and unfair, and requests that the court award only those fees and costs that are reasonable and necessary. Specifically, Plaintiff contends that Defendant is not entitled to attorney's fees paid by its insurer, Zurich N.A ("Zurich") and cites *Aviles v. Aguirre*, 292 S.W.3d 648 (Tex. 2009), to support its argument. The court, however, disagrees with Plaintiff's interpretation of *Aviles*, as it misapprehends the court's holding. In *Aviles*, the court expressly held that attorney's fees are recoverable even if paid by an insurer. *Id.* at 649. Accordingly, such fees and costs will not be removed from the award amount.

Plaintiff further objects to the hourly rates submitted by Defendant's counsel and their paralegal. Defendant submitted the following "reasonable" hourly rates for counsel and their paralegal: Clark S. Butler ("Butler") hourly rate of at least $250; Michael A. Miller ("Miller") hourly rate of at least $300; and paralegal, Johnnie Dillard ("Dillard"), hourly rate of at least $125. Defendant contends that the "poorly redacted" billing records show: an hourly rate of $185 for Butler and Miller until February 21, 2017; and an hourly rate of $205 from February 21, 2017, until the present date for both counsel. Defendant also objects to the rate sought for Dillard because he contends that Zurich paid $85 per hour for Dillard's work.

Having reviewed Defendant Hilti, Inc.'s Submission of Fees and Cost, the court determines that Defendant is entitled to reasonable attorney's fees. The court believes that the lodestar method, that is, the number of hours reasonably expended times a reasonable hourly rate, applies in this case. The lodestar method adequately compensates Defendant's counsel in this case for their legal services performed. The court further determines that an objectively reasonable rate for the legal services

provided is the rate at which Defendant charged their client for legal services in this matter. *See United States v. Bollinger Shipyards, Inc.*, No. 12-CV-920, 2015 WL 5306233, at *6 (E.D. La. Sept. 10, 2015) ("If [defendant] and its counsel were satisfied that the discounted rate charged during that time was reasonable and appropriate for the work being done . . . then as far as this Court is concerned, the objectively reasonable rate for this work is established.")

The court agrees with the reasoning in *Bollinger*. Any amount above the rate at which Defendant's counsel charged for legal services in this matter would result in a windfall for Defendant. This is so because the primary purpose of awarding attorney's fees is to make a party whole, which means to pay to that party the loss it suffered by the other party's conduct or conduct of counsel. Accordingly, the court determines that the following rates in computing the lodestar in this matter are reasonable:

> Clark S. Butler: $185/hour through February 21, 2017; and $205/hour from February 22, 2017, through the present date;
>
> Michael A. Miller: $185/hour through February 21, 2017; and $205/hour from February 22, 2017, through the present date; and
>
> Johnnie Dillard (Paralegal): $ 85/hour through July 10, 2016; and $90/hour from July 11, 2016, through the present date.

Plaintiff also objects to the fees associated with the following motions because it contends that they did not have any effect on this ligation and were denied or not filed: Defendant's Motion to Extend Time, Motion to Dismiss for Lack of Jurisdiction, Motion for More Definite Statement, Motion to Dismiss for Forum Non-Conveniens, Defendant's surreplies and all the amendments to those motions. The court agrees and determines that the fees requested for these items will not be awarded and must be excluded from the fee requested. A party seeking fees must exercise billing

judgment and exclude time spent for "unproductive, excessive, or redundant hours." *Walker v. U.S. Dept. of Hous. & Urban Dev.*, 99 F.3d 761, 769 (5th Cir. 1996).

Moreover, Plaintiff objects to Defendant's Submission of Fees and Costs for the following items: (1) the fees associated with defense counsel's conversations and reports to the nonparty insurance adjuster Vickie Jacobsen; (2) the fees associated with the travel costs unrelated to this litigation; and (3) the fees associated with Defendant's Motion to Compel Plaintiff's Discovery because Plaintiff complied with the court order and compensated Defendant for its expenses. The court agrees with Plaintiff regarding items two and three, and determines that the fees requested for these items will not be awarded. Plaintiff, however, has not sufficiently explained why "the fees associated with defense counsel's conversations and reports to the nonparty insurance adjuster Vickie Jacobsen" should be excluded. Accordingly, the court will not remove that item from the award amount. Other than what the court has specifically excluded, the court determines that the services rendered by Defendant's counsel were reasonable and necessarily expended with respect to its motion for sanctions.

## IV. Conclusion

For the reasons herein set forth, the court **overrules and denies** Plaintiff's Objections to and Motion to Reconsider the Order on Defendant's Rule 11 Motion for Sanctions (Doc. 91); **grants** Defendant's Rule 11 Motion for Sanctions; and will **award** Defendant reasonable attorney's fees and costs incurred in connection with litigating this action. *The award requested, however, will be reduced in light of the court's determinations herein set forth. Accordingly, the court **directs** the parties to confer in light of the court's ruling herein and submit an agreed order as to the amount of fees consistent with the court's ruling.*

The court has considered this matter in detail and will not change its ruling. No award will be made for the time expended in complying with the court's directive. The time has come for this litigation to end. As the Supreme court aptly admonished, "A request for attorney's fees should not result in a second major litigation[,]" and "[i]deally, of course, litigants will settle the amount of a fee." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The parties shall submit the required filing by **June 28, 2018, 5 p.m.** As the court has stated how it will rule, nothing prevents the parties from determining the reasonable amount of attorney's fees and costs consistent with the court's ruling. No extensions of this deadline will be granted.

**It is so ordered** this 14th day of June, 2018.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge